# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

GAIL PARKER,  )
Plaintiff,  )
 v.  )  Civil Action No.
OUTSIDE IN (an Oregon Non-Profit Entity),  )  COMPLAINT
John & Jane Does 1-10,  )  JURY TRIAL DEMANDED
Defendants.  )

## INTRODUCTION

1. Plaintiff Gail Parker files this Complaint against Defendants Outside In and John/Jane Does 1-10 for violations of federal and state laws, including wrongful termination, discrimination, retaliation, breach of contract, and mismanagement of grant funds. Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and other remedies as deemed appropriate by the Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law, including Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the National Labor Relations Act (29 U.S.C. § 151 et seq.).

3. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C.

4. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in the District of Oregon, and Defendants conduct business within this District.

**PARTIES**

6. Plaintiff Gail Parker is a resident of Portland, Oregon and was employed by Defendant Outside In from December 18, 2023, to May 28, 2024.

7. Defendant Outside In is a nonprofit organization headquartered in Oregon and a recipient of Measure 110 grant funds.

8. Defendant Janet [Last Name] is a senior management employee of Outside In and was directly involved in the events leading to Plaintiff's termination.

9. Defendants John/Jane Does 1-10 are individuals whose identities are currently unknown, but who were involved in the wrongful actions described herein.

**FACTUAL ALLEGATIONS**

10. Plaintiff was hired by Outside In for a position funded exclusively by Measure 110 grant money.

11. Plaintiff's supervisor, a BIPOC LGBTQ+ individual, oversaw the program Plaintiff worked in.

12. Defendant Jane Doe began holding weekly meetings with Plaintiff's team, bypassing Plaintiff's supervisor and taking over the program without explanation.

13. When Plaintiff inquired about the purpose of these meetings and Defendant Janet's role in the program, Defendant Jane Doe provided evasive responses.

14. Shortly thereafter, Plaintiff's supervisor informed Plaintiff that Defendant Jane Doe and another employee, John Doe, were actively seeking to terminate Plaintiff's employment,

COMPLAINT JURY TRIAL DEMANDED PG. 2

despite Plaintiff's satisfactory performance and the program's need for staff to meet grant requirements.

15. Defendant Jane Doe expressed her intent to replace Plaintiff with an unqualified employee from another program, violating Measure 110 grant requirements and the union contract.

16. Plaintiff contacted their union steward, who confirmed that Defendant Jane Doe's actions were illegal and violated the union contract.

17. Despite receiving an email from the union steward reiterating the illegality of her actions, Defendant Janet continued to pursue Plaintiff's termination.

18. On May 28, 2024, one day before Plaintiff's probation period ended, Plaintiff was terminated under the pretext of "lack of financial funds for the position."

19. During the termination meeting, Defendant Jane Doe and an HR representative made conflicting statements about the nature of Plaintiff's termination, with the HR representative ultimately confirming that Plaintiff was being fired.

20. Plaintiff was denied the opportunity to consult a union representative during the termination meeting, in violation of the union contract.

21. Plaintiff later discovered that Outside In failed to document their earned income, resulting in a six-month delay in receiving unemployment benefits and significant financial hardship.

22. Plaintiff also learned that Outside In subsequently posted and filled their former position, despite claiming financial constraints as the reason for termination.

23. Plaintiff alleges that Outside In mismanaged Measure 110 grant funds, failed to meet grant requirements, and engaged in discriminatory and retaliatory practices.

24. Plaintiff timely filed a Charge of Discrimination with the Oregon Bureau of Labor and Industries (BOLI), the state counterpart to the Equal Employment Opportunity Commission (EEOC), within 300 days of her termination.

## CAUSES OF ACTION

### Count I: Wrongful Termination

25. Plaintiff incorporates by reference all preceding paragraphs.

26. Defendants terminated Plaintiff's employment without cause and in violation of the union contract, which prohibited termination without proper procedures and protections.

27. Defendants' actions caused Plaintiff to suffer economic damage, emotional distress, and other harm.

### Count II: Discrimination

### (Title VII of the Civil Rights Act of 1964)

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Plaintiff was subjected to discriminatory treatment based on their race and LGBTQ+ identity, including being targeted for termination by Defendant Janet.

30. Plaintiff timely filed a Charge of Discrimination with Oregon's BOLI within 300 days of her termination, preserving her right to pursue this claim under Title VII.

31. Defendants' actions constitute unlawful discrimination under Title VII of the Civil Rights Act of 1964.

### Count III: Retaliation

**32.** Plaintiff incorporates by reference all preceding paragraphs.

**33.** Plaintiff engaged in protected activity by questioning Defendant Janet's actions and contacting their union steward.

34. Plaintiff timely filed a Charge of Discrimination with Oregon's BOLI within 300

35. days of her termination, preserving her right to pursue this claim under federal and state law.

36. Defendants retaliated against Plaintiff by targeting them for termination and ultimately firing them.

37. Defendants' actions constitute unlawful retaliation under federal and state law.

### Count IV: Breach of Contract

38. Plaintiff incorporates by reference all preceding paragraphs.

39. Defendants breached the union contract by terminating Plaintiff without cause, failing to follow proper procedures, and denying Plaintiff the right to consult a union representative.

40. Defendants' breach of contract caused Plaintiff to suffer economic damage and other harm.

### Count V: Mismanagement of Grant Funds

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendants mismanaged Measure 110 grant funds by failing to meet grant requirements, hiring unqualified personnel, and wrongfully terminating Plaintiff.

43. Defendants' actions may have violated state and federal laws governing the use of grant funds.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory damages for lost wages, benefits, and emotional distress;

B. Punitive damages to deter future misconduct;

C. Reinstatement to Plaintiff's former position or an equivalent position;

D. Injunctive relief to prevent further violations of federal and state laws;

E. Attorneys' fees and such other relief that this Court deems just and proper.

Dated this 27th day of May 2026

**Respectfully submitted,**
**LAW OFFICE OF ROBERT R. PARKER, JR., LLC**
**By: /s/ Robert R. Parker, Jr.**
Robert R. Parker, Jr.
OSB 216437
Attorney for Plaintiff

COMPLAINT JURY TRIAL DEMANDED PG. 6

**VERIFICATION**

I, Gail Parker do hereby verify that I caused the foregoing Complaint to be drafted and filed and that the allegations contained herein are true and correct to the best of my knowledge.

**Dated this 27th day of May 2026**

**Respectfully submitted,**

**_____**
**Gail Parker**